# MEMORANDUM DECISIONS

ABRAMOVITZ v. TENZER (two cases). (Supreme Court, Appellate Division, First Department. January 27, 1911.) Action by Fannie Abramovitz against Michael Tenzer. No opinions. Applications granted. Orders signed.

In re AFFLECK et al. (Supreme Court, Appellate Division, Second Department. February 17, 1911.) Appeal from Surrogate's Court, Westchester County. Proceedings for the judicial settlement of the account of Lizzie D. Affleck and another, as trustees of James Affleck, deceased, and of the account of James G. Affleck, as sole acting trustee. From an order denying an application to open a decree of the Surrogate's Court, the party aggrieved appeals. Reversed. E. Dudley Barlow, for appellant. Michel Kirtland, for respondent.

PER CURIAM. We are of opinion that in furtherance of justice the decree herein of the Surrogate's Court of Westchester county should be vacated, in order that the appellant may litigate properly, with an appropriate right of review on appeal, the question as to whether the stock certificates, which are the point of controversy, may be determined to be either principal or income as the law and facts may require. The form in which the account was rendered gave him no light on this subject. Nothing happened between the filing of the account and the entry of the decree which in all fairness should preclude him now from a judicial consideration of the merits of his claim. The order denying the motion to vacate the decree and reopen the accounting proceedings should be reversed, and the motion granted, without costs to either party.

In re AFFLECK et al. (Supreme Court, Appellate Division, Second Department. January 17, 1911.) In the matter of the judicial settlement of the account of proceedings of Lizzie D. Affleck and James G. Affleck, as trustees, etc., of James Affleck, deceased, etc. No opinion. Reargument ordered, and the case set down for Tuesday, January 24, 1911. See, also, supra.

In re ALLEN. (Supreme Court, Appellate Division, Second Department. January 13, 1911.) In the matter of the application of Nelson L. Allen for admission to the bar. No opinion. Application granted, and order signed.

In re ALMY. (Supreme Court, Appellate Division, First Department. January 27, 1911.) Appeal from Special Term, New York County. In the matter of Don R. Almy, a lien proceeding. From an order of the Special Term fixing the lien, the petitioner appeals. Order modified, and, as modified, affirmed. G. C. Comstock, for appellant. J. G. Roe, for respondent.

PER CURIAM. The order appealed from should be modified, by allowing to the appellant $150 a day for March 2d, March 7th, and June 14th, and, as so modified, affirmed, without costs.

In re AMIDON. (Supreme Court, Appellate Division, First Department. January 13, 1911.) In the matter of Georgiana M. Amidon. No opinion. Order affirmed, with costs. Order filed. See, also, 136 App. Div. 929, 120 N. Y. Supp. 1141; 126 N. Y. Supp. 1120.

ANGLO–SOUTH AMERICAN BANK, Respondent, v. NATIONAL CITY BANK OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. February 10, 1911.) Action by the Anglo-South American Bank against the National City Bank of New York. E. M. Bullowa, for appellant. E. T. Rice, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ANHALT, Appellant, v. BURRELL, Respondent, et al. (Supreme Court, Appellate Division, First Department. January 27, 1911.) Action by Simon Anhalt against James Burrell, impleaded with others. J. C. Judge, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

ANHALT v. BURRELL. (Supreme Court, Appellate Division, First Department. February 10, 1911.) Action by Simon Anhalt against James Burrell. No opinion. Motion granted, on payment of $10 costs. Appeal to be argued or submitted on February 17th. Settle order on notice.

ANHALT, Appellant, v. BURRELL, Respondent, et al. (Supreme Court, Appellate Division, First Department. February 24, 1911.) Action by Simon Anhalt against James Burrell, impleaded with others. W. D. Sporborg, for appellant. J. C. Judge, for respondent. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, upon the ground that the defendant did not satisfactorily excuse his default. Order filed. See, also, supra.

ARKER v. COHEN et al. (Supreme Court, Appellate Division, Second Department. January 31, 1911.) Action by Isaac Arker against Louis S. Cohen and Maurice B. Rich. No opinion. Judgment of the Municipal Court affirmed, with costs.

ARNOLD v. SCHMIEDLER et al. STATE BOARD OF PHARMACY v. F. W. WOOLWORTH & CO. (Supreme Court, Appellate Division, First Department. January 27, 1911.)

Actions by Aaron Arnold against Leopold Schmiedler and others, and by the State Board of Pharmacy against F. W. Woolworth & Co. No opinions. Applications granted. Orders signed.

ASHLEY, Respondent, v. FIRE DEPARTMENT OF CITY OF ROCHESTER, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. January 25, 1911.) Action by Egbert F. Ashley against the Fire Department of the city of Rochester, impleaded with others. No opinion. Interlocutory judgment affirmed, with costs, with leave to the demurring defendants to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal.

ATKINS, Appellant, v. VAN SCOTER, Respondent. (Supreme Court, Appellate Division, Fourth Department. February 8, 1911.) Action by John Atkins against William Van Scoter. No opinion. Interlocutory judgment affirmed, with costs, with leave to the plaintiff to serve an amended complaint within 20 days, upon payment of the costs of the demurrer and of this appeal.

AUCHTER, Respondent, v. GILLETTE, Sheriff, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. February 8, 1911.) Action by Katherine Auchter against Willis K. Gillette, Sheriff of Monroe County, impleaded with another. No opinion. Order affirmed, with $10 costs and disbursements.

AVERY, Respondent, v. NEW YORK, O. & W. RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 4, 1911.) Action by George F. Avery against the New York, Ontario & Western Railway Company.
PER CURIAM. Judgment and order affirmed, with costs.
KELLOGG, J., dissents.

BACHMANN, Appellant, v. EICHLER, Respondent. (Supreme Court, Appellate Division, Second Department. March 10, 1911.) Action by Isaac Bachmann against Fannie Eichler.
PER CURIAM. We think the court should have opened the case to permit the plaintiff to prove his demand. Order of the Municipal Court reversed, with costs.

In re BACKUS. In re VALENTINE. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) In the matter of Lincoln G. Backus, an attorney. On petition of Ludlow W. Valentine.
PER CURIAM. Referee's report confirmed, except as to the finding upon the question of collusion, and proceedings dismissed. See, also, 136 App. Div. 888, 119 N. Y. Supp. 1113.
THOMAS, J., votes to confirm the referee's report.

In re BACKUS. In re VALENTINE. (Supreme Court, Appellate Division, Second Department. January 27, 1911.) In the matter of Lincoln G. Backus, an attorney. On petition of Ludlow W. Valentine. No opinion. Order settled and signed. See, also, supra.

BAKER, Respondent, v. CITIZENS' TRUST CO. OF BROOKLYN, Appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1911.) Action by William H. Baker against the Citizens' Trust Company of Brooklyn. No opinion. Judgment affirmed, with costs, on the authority of Baker v. Citizens' Trust Company, 137 App. Div. 888, 121 N. Y. Supp. 767.

BAKER, Appellant, v. DONNELLY, Respondent. (Supreme Court, Appellate Division, Second Department. January 31, 1911.) Action by Herman H. Baker against Eugene J. Donnelly, as executor, etc.
PER CURIAM. The records from the office of the clerk of the county of Kings, and the oral testimony of the witnesses Roy and Sparks, fully establish the relation of attorney and client between plaintiff and defendant's testator. From that relation the law presumes an obligation to pay the reasonable value of the services. There was evidence as to the value of the greater portion of these. As none of this evidence was contradicted, the trial judge erred in directing judgment for defendant upon the merits. The witness Lucia was competent to testify. He was not a person interested in the event, nor did plaintiff derive title to the subject-matter of the action from him by assignment or otherwise. Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

BALL v. DOHERTY et al. (Supreme Court, Appellate Division, Second Department. January 13, 1911.) Action by George B. Ball against John F. Doherty and another. No opinion. Motion denied, with $10 costs.

BANCROFT, Respondent, v. SPRAGUE, Appellant. (Supreme Court, Appellate Division, Third Department. March 8, 1911.) Action by Hattie A. Bancroft against Frank W. Sprague, as executor, etc. No opinion. Judgment modified, by striking therefrom the recovery of costs, and, as so modified, unanimously affirmed, without costs.

BARCALO MFG. CO., Appellant, v. MALDONADO & CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. February 8, 1911.) Action by the Barcalo Manufacturing Company against Maldonado & Co. No opinion. Motion for leave to appeal to Court of Appeals granted, and questions for review certified. See, also, 125 N. Y. Supp. 1112.

BARDES et al., Respondents, v. KINKADE, Appellant. (Supreme Court, Appellate Divi-